*INITIAL HEARING EN BANC REQUESTED*

*CP*

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES

**Re:** *United States v. Clark, No. 23-6018*

1. **Declaration of Inmate Filing** (for inmates relying on deposit of notice of appeal in institution's internal mail system to establish timeliness of notice of appeal)
   An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:
   - a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
   - a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

   ---

   **Declaration of Inmate Filing**

   I am an inmate confined in an institution. I deposited my notice of appeal in the institution's internal mail system on ___03/02/23___ [insert date]. First-class postage is being prepaid either by me or by the institution on my behalf.

   I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

   Signature: ___Michael D Clark  #88801-071___  Date: ___03/02/23___

   ---

2. **Jurisdiction**
   Name of the court or agency from which you are appealing:
   *U.S. District Court, Western District of North Carolina*
   Dates of the order or orders for which review is sought:
   *11/15/22*

3. **Certificate of Appealability**
   Did the district court grant a certificate of appealability?
   ☐ Yes    ☑ No

   If Yes, do you want the Court of Appeals to review additional issues that were not certified for review by the district court?
   ☐ Yes    ☑ No

RECEIVED

2023 MAR 13  PM 2: 51

U.S. COURT OF APPEALS
FOURTH CIRCUIT

If Yes, **you must** list below the issues you wish to add to the certificate of appealability issued by the district court. If you do not list additional issues, the Court will limit its review to those issues on which the district court granted the certificate.

4.    **Issues on Appeal**
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court to consider on appeal. You must include any issue you wish the Court to consider, regardless of whether the district court granted a certificate of appealability as to that issue. You may cite case law, but citations are not required.

**Issue 1.** Whether this Court should revisit and overrule United States v. Dodge, 963 F.3d 379 (4th Cir. 2020) sitting en banc in light of Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Stitt, 139 S. Ct. 399 (2018)?

**Supporting Facts and Argument.**

In Dodge, this Court noted the tension between United States v. Mungro, 754 F.3d 267, 268 (4th Cir. 2014) and Mathis and Stitt, but concluded unless sitting en banc, a three-judge panel could not overrule Mungro regarding North Carolina breaking and entering. Both Dodge and Mungro are bad law, and should be overruled at this time. United States v. Giggey, 551 F.3d 27 (1st Cir. 2009) (en banc).

**Issue 2.** Whether Bruen v. New York State Pistol & Rifle Ass'n, 142 S. Ct. 2111 2122 (2022) renders 18 U.S.C. § 922 (g) unconstitutional under the Second Amendment to the U.S. Constitution?

**Supporting Facts and Argument.**

Since Bruen, the following courts have dismissed indictments finding various provisions of 18 U.S.C. § 922: United States v. Quiroz, U.S. Dist. LEXIS 168329 (W.D. Tex. 09/19/22) (§ 922(n)); United States v. Price, U.S. Dist. LEXIS 186571 (S.D. W. Va. 10/12/22) (§ 922(k));

United States v. Holden, U.S. Dist. LEXIS 212835 (N.D. Ind. 10/31/22) (§ 922(h)); and United States v. Stambaugh, U.S. Dist. LEXIS 206016 (W.D. Okla. 11/14/22) (§ 922(n)). This Court should extend those holdings to § 922(g) by way of Bruen, and order vacatur of appellant's § 922(g) and § 924(e) conviction.

**Issue 3.**

**Supporting Facts and Argument.** N/A

N/A

**Issue 4.**

N/A

**Supporting Facts and Argument**.

N/A

5.   **Relief Requested**
     Identify the precise action you want the Court of Appeals to take:

     *Vacatur of the district court's 11/15/22 order overrule Dodge and Mungro, and order resentencing/dismissal.*

6.   **Prior appeals (for appellants only)**
     A.   Have you filed other appeals in this court?
               ☑ Yes          ☐ No

     B.   If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

               *See attached 11/15/22 order.*


               X  Michael D Clark
                              Signature
                     [Notarization Not Required]


               X  Michael D Clark
                     [Please Print Your Name Here]


## CERTIFICATE OF SERVICE
***************************

I certify that on  3-02-23  I served a copy of this Informal Brief on all parties, addressed
as shown below:


               X  Michael D Clark
                              Signature


NO STAPLES, TAPE OR BINDING PLEASE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00216-MR
(CRIMINAL CASE NO. 1:18-cr-00017-MR-WCM-1)

| | | |
|---|---|---|
| MICHAEL DEWAYNE CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [CV Doc. 1],[1] and Petitioner's letter [CV Doc. 3], which the Court will construe as a motion to amend Petitioner's motion to vacate.

## I.    BACKGROUND

Petitioner was charged in the underlying criminal case with one count of possession of an unregistered shotgun with a barrel length less than 18

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:22-cv-00216-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:18-cv-00017-MR-WCM-1.

inches, all in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count One); and one count of being felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two).  [CR Doc. 1: Indictment].

Petitioner pled guilty pursuant to a written Plea Agreement to Count Two.  [CR Doc. 14: Plea Agreement].  The Government agreed to dismiss Count One after acceptance by the Court of Petitioner's plea.  [Id. at 1].  By signing the written Plea Agreement, Petitioner expressly waived any appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct.  [Id. at 5].

The probation office prepared a Presentence Investigation Report ("PSR") in advance of sentencing.  [CR Doc. 24]. The base offense level was 22 and there were no adjustments to that level.  [Id. at ¶¶ 19, 22]. The offense level was enhanced under Chapter Four because the offense of conviction was a violation of 18 U.S.C. § 922(g), and Petitioner had at least three prior convictions for a violent felony or serious drug offense.  These included one 1992 Armed Robbery conviction in South Carolina and three convictions for Felony Breaking and/or Entering in North Carolina.[2]  [CR Doc. 24 at ¶ 25;

---

[2] The draft PSR also included a South Carolina conviction for Assault and Battery, High and Aggravated Nature.  [CR Doc. 21 at ¶ 25].  Petitioner objected to the use of this conviction as a violent felony predicate for the purposes of ACCA because the Fourth Circuit "has previously held that the South Carolina offense of assault and battery with a high and aggravated nature is not categorically an ACCA violent felony."  [CR Doc. 23 at 1-2 (citing United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013))].  This objection

2

see id. at ¶¶ 37, 41-43].  The Petitioner's enhanced offense level was 34.

[Id.].  Three total points were deducted for acceptance of responsibility.  [Id.

at ¶¶ 26, 27].  Accordingly, Petitioner's total offense level was 31.  [Id. at ¶

28].  Petitioner's criminal history category was VI.  [Id. at ¶ 51].  The resulting

guidelines imprisonment range was 188 to 235 months, and the statutory

range was 15 years to life.  [Id. at ¶¶ 88, 89].

The Court sentenced Petitioner to a term of imprisonment of 188

months to run consecutive to any undischarged term of imprisonment by any

state or federal court.  [CR Doc. 27: Judgment].  On May 10, 2019, Petitioner

appealed the judgment to the Fourth Circuit Court of Appeals on the ground

that the Court's use of the breaking and entering convictions to enhance his

sentence was unconstitutional.  [CR Doc. 29: Notice of Appeal].  The Fourth

Circuit appointed counsel for Petitioner and counsel filed an Anders brief,

stating there were no meritorious issues for appeal but questioning whether

Petitioner's sentence was properly enhanced under the ACCA.  [CR Doc. 46

at 2].  On appeal, Petitioner filed pro se supplemental briefs challenging his

ACCA designation, asserting that his ACCA enhancement violates double

jeopardy, claiming that his conviction is a violation of his right to bear arms,

---

was accepted in the final PSR and, thus, this conviction was not used as an ACCA
predicate offense.  [See Doc. 24 at ¶ 25 and Doc. 24 at 24].

and suggesting that his conviction was invalidated by Rehaif v. United States, 139 S.Ct. 2191 (2019). On February 24, 2022, the Fourth Circuit determined that this Court "correctly calculated Clark's Guidelines range, including his armed career criminal enhancement." [Id. at 4]. The Fourth Circuit also rejected Petitioner's pro se arguments.  [See id. at 2-3, 5 n.*].

On July 29, 2019, while his appeal was pending, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Civil Case No. 1:19-cv-236-MR, Doc. 1]. Generally in keeping with his issues on appeal, Petitioner challenged his ACCA enhancement, claiming breaking and entering is a nonviolent crime; claimed that his conviction is a violation of his right to bear arms; that his ACCA enhancement violates double jeopardy; and that his "armed robbery convictions of 1992" were not violent crimes. [Id., id. at 4-5, 7-8].  The Court denied and dismissed his motion without prejudice, finding it premature.  [Id., Doc. 2].

On September 26, 2022, Petitioner filed the pending motion to vacate. [CV Doc. 1]. He argues that, under Mathis v. United States, 136 S.Ct. 2243 (2016); United States v. Stitt, 139 S.Ct. 399 (2018); and United States v. Dodge, 963 F.3d 379 (4th Cir. 2020); the ACCA does not apply to enhance his sentence and that his appellate counsel was ineffective for "failing to seek hearing or rehearing en banc during [Petitioner's] direct appeal in light of

4

Dodge, supra, Id. at 384." [CV Doc. 1 at 4]. Petitioner claims his appellate attorney should have argued that Petitioner's North Carolina breaking and entering convictions do not qualify as ACCA predicates. Petitioner claims he was prejudiced because the ACCA increased his mandatory minimum sentence from zero to 15 years in prison. [Id.]. Petitioner also asks the Court to issue a Certificate of Appealability "because reasonable jurists would debate the question presented by Dodge on hearing en banc." [CV Doc. 1 at 5].

Before the Court conducted its initial screening of Petitioner's motion to vacate, he filed a letter in this matter asking the Court to combine Petitioner's dismissed July 2019 motion to vacate with the instant motion "for review and appeal purposes." [CV Doc. 3]. The Court will construe this letter as a motion to amend Petitioner's motion to vacate.

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record

and governing case law.  See Raines v. United States, 423 F.2d 526, 529
(4th Cir. 1970).

## III.    DISCUSSION

Petitioner raises two claims in his motion to vacate.  Specifically, he
argues that: (1) Petitioner's prior North Carolina breaking and entering
convictions under N.C. Gen. Stat. § 14-54(a) were improperly used as
predicates under the Armed Career Criminal Act to enhance his sentence;
and (2) Petitioner's appellate attorney provided ineffective assistance of
counsel "for failing to seek hearing or rehearing en banc during [Petitioner's]
direct appeal in light of Dodge" to argue that North Carolina breaking and
entering does not qualify as an ACCA predicate.

### A.    ACCA Enhancement

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his
original sentence "was imposed in violation of the Constitution or laws of the
United States, ... or that the sentence was in excess of the maximum
imposed by law...." 28 U.S.C. § 2255(a).

Petitioner contends that his three predicate convictions for felony
breaking and entering in North Carolina, which were relied upon to enhance
his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. §
924(e), were for non-violent crimes and should not have been used to

6

enhance his sentence under the ACCA.

The ACCA provides significantly higher penalties for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), when the felon has previously been convicted of three or more "predicate offenses." United States v. Mungro, 754 F.3d 267, 268 (4th Cir. 2014). These predicate offenses include violent felonies and serious drug offenses. Id. (citing 18 U.S.C. § 924(e)(1)). Violations of § 922(g) are normally punishable by no more than ten years' imprisonment. Id. (citing 18 U.S.C. § 924(a)(2)). Under the ACCA, this sentence increases to a mandatory minimum of fifteen years' imprisonment. Id. (citing 18 U.S.C. § 924(e)(1)).

Petitioner's status as an armed career criminal is based on three prior convictions for felony breaking and/or entering in North Carolina under N.C. Gen. Stat. § 14-54(a) and one prior conviction for armed robbery in South Carolina. [CR Doc. 24 at ¶ 25]. Petitioner contends that North Carolina breaking and entering is not a predicate crime of violence under the ACCA.

Petitioner's argument, however, is foreclosed by United States v. Mungro, 754 F.3d at 268. The ACCA defines "violent felony" to include, among other things, any offense that "is burglary." 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, any burglary offense is an ACCA predicate offense. Mungo, 754 F.3d at 268. In Mungro, the Fourth Circuit held that

7

"breaking and entering" in violation of N.C. Gen. Stat. § 14-54(a) constitutes a generic burglary and, therefore, a defendant's prior convictions for this crime constituted predicate offenses under the ACCA. Contrary to Petitioner's argument, this result is unchanged by Dodge, Mathis, or Stitt.

In Mathis and Stitt, the Supreme Court focused, in relevant part, "on whether there was a distinction between 'vehicles,' even if used for temporary accommodation, and 'buildings'" in determining whether certain state burglary statutes fall outside the definition of generic burglary established in Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143 (1990).[3] Dodge, 963 F.3d at 384 (citing Mathis, 136 S.Ct. at 2250; Stitt, 139 S.Ct. at 406-07).

"[B]oth Mathis and Stitt relied on Taylor's definition of generic burglary, as did [the Fourth Circuit] in Mungro, and neither purported to articulate a new test for assessing the locational element of that definition." Id. The Fourth Circuit in Dodge, therefore, concluded that neither Mathis nor Stitt "is a superseding contrary decision of the Supreme Court overruling Mungro's explicit holding that North Carolina breaking and entering qualifies as a violent felony for ACCA purposes." 963 F.3d at 384. As such, Mungro

---

[3] In Taylor, generic burglary was defined to be the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598, 110 S.Ct. 2143.

remains the law and North Carolina breaking and entering remains a proper ACCA predicate.

Moreover, Petitioner already advanced his ACCA argument on direct appeal and it was rejected. Petitioner is not entitled to a sentence reduction under Section 2255 based on issues that have already been determined on direct appeal. United States v. Walker, 299 Fed. App'x 273, 276 (4th Cir. 2008) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."); see Kaufman v. United States, 394 U.S. 217, 227 n. 8 (1969). Here, the Fourth Circuit rejected Petitioner's argument that his sentence was improperly enhanced under the ACCA and concluded that this Court "correctly calculated [Petitioner's] Guidelines range, including his armed career criminal enhancement." United States v. Clark, No. 19-4332, 2022 WL 563257, at *1, *2 (4th Cir. Feb. 24, 2022).

The Court notes that the other claims Petitioner seeks to advance from his previously dismissed motion to vacate are without merit.[4] The Second Amendment to the United States Constitution does not protect a convicted

---

[4] Because Petitioner's motion to amend, [CV Doc. 3], was filed within one year of final judgment, see 28 U.S.C. § 2255(f), the Court will allow Petitioner to amend his motion to vacate to include the claims from his previously dismissed, premature motion to vacate, [see CV Doc. 3-1].

9

felon's "right" to bear arms.  See United States v. Mahin, 668 F.3d 119, 123 (4th Cir. 2012) (collecting cases declining to overturn on Second Amendment grounds criminal convictions under 18 U.S.C. § 922(g)).  Further, the Double Jeopardy Clause does not prohibit the consideration of a defendant's prior convictions for purposes of enhancing his sentence for a subsequent crime. United States v. Richardson, 724 Fed. App'x 193, 195 (4th Cir. 2018) ("[E]nhancement of a sentence does not constitute new jeopardy or additional punishment for [defendant's] earlier offenses....  In any event, there is no double jeopardy violation when two separate sovereigns—the United States and the state of North Carolina—prosecute an individual for the same offense.") (internal quotations and citations omitted).  Finally, Petitioner's 1992 South Carolina armed robbery conviction was properly considered an ACCA predicate, see United States v. Weston, 681 Fed. App'x 235, 237, n.1 (4th Cir. 2017) (concluding that South Carolina strong arm robbery and armed robbery are violent felonies under ACCA's force clause), and Petitioner had three qualifying North Carolina breaking and entering convictions, in any event.

As such, Petitioner is not entitled to relief under Section 2255 based on any alleged errors at sentencing.

## B.    Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.    To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).    In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).    Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).    Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).    If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

11

Courts ordinarily find ineffective assistance for failure to raise claims on appeal only when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746 (2000) (internal citation and quotation marks omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). The petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86, 120 S.Ct. 746.

Here, Petitioner argues that his appellate attorney was constitutionally deficient for not seeking a rehearing en banc during Petitioner's appeal to argue that North Carolina breaking and entering does not qualify as an ACCA predicate under Dodge. The Petitioner's argument is without merit. Dodge was decided nearly two years before Petitioner's appeal and did not change

12

the outcome of Petitioner's appeal.   Rather, as provided above, <u>Dodge</u> affirmed that North Carolina breaking and entering is a proper ACCA predicate even post-<u>Mathis</u> and -<u>Stitt</u>.  As such, there would have been no reason for the Fourth Circuit to grant a rehearing under <u>Dodge</u>.  Thus, there is no reasonable probability that Petitioner would have prevailed on his appeal had his appellate attorney argued <u>Dodge</u>.  <u>See Robbins 528 U.S. at 285</u>.

Petitioner, therefore, is not entitled to relief under Section 2255 based on ineffective assistance of counsel.

The Court will, therefore, deny and dismiss Petitioner's Section 2255 Motion to Vacate.

## IV.     CONCLUSION

Having concluded that Petitioner is not entitled to relief, the Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.   <u>See generally</u> <u>28 U.S.C. § 2253(c)(2)</u>; <u>see also</u> <u>Miller-El v. Cockrell</u>, <u>537 U.S. 322, 336-38</u> (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing <u>Slack v. McDaniel</u>, <u>529 U.S. 473, 484-85</u>

13

(2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, <u>529 U.S. at 484-85</u>. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, <u>28 U.S.C. § 2255</u>.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under <u>28 U.S.C. § 2255</u> [<u>Doc. 1</u>] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: November 14, 2022

Martin Reidinger
Chief United States District Judge

14

# United States District Court
# Western District of North Carolina
# Asheville Division

| | | |
|---|---|---|
| **Michael Dewayne Clark,** | ) | JUDGMENT IN CASE |
| | ) | |
| Petitioner, | ) | 1:22-cv-00216-MR |
| | ) | 1:18-cr-00017-MR-WCM |
| vs. | ) | |
| | ) | |
| **USA,** | ) | |
| | ) | |
| Respondent. | ) | |

 DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's November 15, 2022 Order.

November 15, 2022

*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Michael D Clark #8888-021

United States penitentiary

PO BOX 24550

Tucson, AZ. 85734

⇔8880

Legal

mail →



RECEIVED
MARSHALS

-071 ⇔
Fourth Cir United States Court
Court of Appeals
1100 E MAIN ST
Suite 501
Richmond, VA 23219
United States

...ERAL CORRECTIONS COMPLEX

9300 S. WILMOT ROAD

TUCSON, ARIZONA 85756

DATE: ___3/2/23___

...sed letter was processed though special mailing
... for forwarding to you. The letter ha...
...nspected. If the writer raises a qu...
...s facility has in... ... on, you ...
...r further infor... ... clarifi...
...es con ... ... forwa...
...please ... ... ... sure to ...



FE

The er
procedu
opened
over which
mater
en
address